UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRIS A. MOORE                                              CIVIL ACTION

VERSUS                                                      NO. 15-180-BAJ-RLB

NOLAN W. MILLER, ET AL.

**ORDER**

Before the court is Plaintiff's unopposed Motion for Leave to File First Amended and Supplemental Complaint (Previously Petition for Damages) (R. Doc. 11). The motion was filed on July 20, 2015, the deadline to amend pleadings provided in the court's Scheduling Order. (R. Doc. 10). The proposed amended pleading seeks to add an additional defendant, Metropolitan Property and Casualty Insurance Company. (R. Doc. 11-3 at 2). While the Notice of Removal identifies the citizenship of the current parties (R. Doc. 1 at 2), the proposed amended pleading does not identify the citizenship of the proposed additional defendant, Metropolitan Property and Casualty Insurance Company.

The court notes the potential insufficiency of the Plaintiffs' allegation of the citizenship of the parties as follows:

1. \_\_\_\_ A party invoking diversity jurisdiction must allege the citizenship rather than mere residence of an individual. *See Mas v. Perry*, 489 F.2d 1974 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

2. _X_ A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party.[1] *See* 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) ("A corporation's nerve center, usually its main headquarters, is a

---

[1] The Court must also consider whether an amended complaint adding a new party will destroy diversity in determining whether to grant leave to amend.

single place." *Id.* at 1193.). The citizenship of **Metropolitan Property and Casualty Insurance Company** is not provided.

3.     A party invoking diversity jurisdiction must allege the citizenship of each corporate party. Even where the insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1)(A)-(C), its own citizenship still is considered in determining whether complete diversity exists. *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1972).

4.     A party invoking diversity jurisdiction must properly allege the citizenship of an unincorporated association. The citizenship of an unincorporated association, such as a limited liability company, is determined by the citizenship of each of its members, not its principal office or registered agent. *See, e.g., Carden v. Arkoma Associates,* 494 U.S. 185, 186 (1990) ("court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997) ("the citizenship of a partnership is determined by reference to the citizenship of each of its partners").

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint (Previously Petition for Damages) (R. Doc. 11) is **DENIED** without prejudice to the submission of a pleading properly setting forth the citizenship particulars required to establish that the court has diversity jurisdiction over the case with the proposed additional defendant, **Metropolitan Property and Casualty Insurance Company.**

**IT IS FURTHER ORDERED** that the deadline for amending the complaint is hereby extended until **August 5, 2015** to allow Plaintiff to refile in accordance with this order.

Signed in Baton Rouge, Louisiana, on July 22, 2015.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**