# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CHRIS A. MOORE                                              CIVIL ACTION

VERSUS                                                      NO. 15-180-BAJ-RLB

NOLAN W. MILLER, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 14, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CHRIS A. MOORE                                      CIVIL ACTION

VERSUS                                               NO. 15-180-BAJ-RLB

NOLAN W. MILLER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand (R. Doc. 26) filed on September 20, 2015. (R. Doc. 26).  Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f).  Defendants have not filed an opposition as of the date of this Order.  The motion is therefore unopposed.

I.      **Background and Procedural History**

On February 9, 2015, Chris A. Moore ("Plaintiff") filed this automobile accident action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2).  Plaintiff named as defendants Nolan W. Miller ("Miller"), P&H Dozer and Trucking LLC ("P&H Dozer"); and Progressive Insurance Company ("Progressive") (collectively, "Defendants").

On March 25, 2015, Defendants removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1).  The Notice of Removal alleges that Plaintiff is a citizen of Arkansas; Miller is a citizen of Louisiana; and Progressive, as a corporation incorporated under the laws of Indiana with its principal place of business in Indiana, is a citizen of Indiana. (R. Doc. 1 at 1-2).  The Notice of Removal identifies P&H Dozer as "a Louisiana limited liability company with its principle [sic] place of business located at 60169 Anderson

1

Lane, Amite, Tangipahoa Parish, Louisiana." (R. Doc. 1 at 3). The Notice of Removal does not identify the citizenship of P&H Dozer.[1]

On August 13, 2015, the court issued a sua sponte order pursuant to 28 U.S.C. § 1653 requiring Defendants to file an amended notice of removal on or before August 31, 2015, identifying the complete citizenship of P&H Dozer. (R. Doc. 15).

On August 28, 2015, defense counsel suggested to the court in a letter that removal may have been in violation of the "forum-defendant rule" codified at 28 U.S.C. § 1441(b)(2), expressing the concern that the court may not have subject matter jurisdiction over this action. (R. Doc. 22 at 3-5).[2]

On September 1, 2015, following receipt of defense counsel's correspondence, the court held a telephone status conference. (R. Doc. 22). The parties acknowledged that there was no dispute that Miller is a citizen of Louisiana. The court noted that there was no motion currently pending addressing procedural defects in removal and/or subject-matter jurisdiction. The court further noted that Defendants had not submitted an amended notice of removal identifying the citizenship of all defendants in accordance with the court's order dated August 13, 2015. Accordingly, the court ordered Defendants to file an amended notice of removal properly

---

[1] The citizenship of a limited liability company such as P&H Dozer is determined by the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06–88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

[2] Under the forum-defendant rule removal is improper if a "properly joined and served" defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). "The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought." *Stewart v. Auguillard Const. Co.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats*, 456 F.3d 933, 940 (9th Cir. 2006)). As discussed below, the forum-defendant rule is procedural in nature and can be waived. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

alleging the citizenship of all parties by September 3, 2015, and to file a brief addressing whether this court has subject matter jurisdiction no later than September 22, 2015. (R. Doc. 22 at 2).

On September 3, 2015, Defendants filed an Amended Notice of Removal identifying P&H Dozer as a citizen of Louisiana. (R. Doc. 23).  Specifically, the Amended Notice of Removal identified P&H Dozer as a "limited liability company incorporated in the State of Louisiana whose sole member, Helen V. Beaver, is an adult resident and domiciliary of Tangipahoa Parish, Louisiana." (R. Doc. 23 at 1).

On September 22, 2015, Defendants filed a brief indicating that the court has subject matter jurisdiction pursuant to the diversity jurisdiction statute notwithstanding removal in violation of the forum-defendant rule. (R. Doc. 25).

On September 30, 2015, Plaintiff filed the instant Motion to Remand, seeking remand on the basis of a violation of the forum-defendant rule. (R. Doc. 26).

## II.    Arguments of the Parties

While Plaintiff does not dispute that the court has subject-matter jurisdiction over this action, he argues that removal was procedurally defective in light of the forum-defendant rule. (R. Doc. 26-1 at 4-5).  Plaintiff acknowledges that the forum-defendant rule is a waivable non-jurisdictional defect subject to the 30-day time period for moving to remand imposed by 28 U.S.C. § 1447(c). (R. Doc. 26-1 at 6).  Plaintiff argues, however, that in light of the filing of the Amended Notice of Removal on September 3, 2015, the instant motion to remand was timely filed on September 30, 2015. (R. Doc. 26-1 at 6-7).  In short, Plaintiff argues that "the Amended Notice of Removal filed by the Defendants on September 3, 2015 constitutes a new 'removal notice,' and thus carries with it its own 30-day time period within which a remand motion can be filed." (R. Doc. 26-1 at 7).

3

As stated above, Defendants have not filed an opposition to Plaintiff's Motion to Remand.  Furthermore, in their brief on this court's subject-matter jurisdiction, Defendants did not address whether the court-ordered filing of their Amended Notice of Removal triggered a new 30-day deadline to file a motion to remand based on the forum-defendant rule. (*See* R. Doc. 25).

## III.   Law and Analysis

A case removed on the basis of diversity jurisdiction may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  This requirement is often referred to as the "forum-defendant rule" and is procedural in nature.  *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . ." 28 U.S.C. § 1447(c).

There is no dispute that there is complete diversity between the parties as necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  There is also no dispute that defendants Miller and P&H Dozer are citizens of Louisiana, and, therefore, forum defendants.  There is also no dispute that these defendants were properly joined and served prior to removal.  The sole issue before the court is whether, when the Notice of Removal insufficiency alleges the citizenship of the removing defendants, the filing of the Amended Notice of Removal triggered a new 30-day period for raising the procedural defect of violation of the forum-defendant rule.

Few decisions have considered this issue.  In a decision relied upon by Plaintiff, the court concluded that an amended notice of removal reset the 30-day time period for raising the procedural defect of untimely removal by the defendants.  *See Williams v. Wal-Mart Stores, Inc.*,

4

534 F. Supp. 2d 1239 (M.D. Ala. 2008).  In *Williams*, the removing defendants filed the initial

notice of removal on December 20, 2007, and the amended notice of removal on January 11,

2008; and the plaintiff filed a motion to remand on January 25, 2008. *Id*. at 1242.  Although not

mentioned in the opinion, the court issued a *sua sponte* order requiring the removing defendants

to file an amended notice of removal sufficiently alleging the citizenship of the parties.[3]  Finding

that the filing of the motion to remand would have violated the 30-day time period if based on

the original notice of removal, the court concluded that both "[o]riginal and amended notices of

removal constitute removal notices" and, therefore, "with the filing of an amended removal

notice, the 30-day period for filing a remand motion should, in general, begin anew." *Id.*  The

court noted that "if a removing defendant wanted the 30-day clock for the filing of a remand

motion not to restart, the defendant should make sure that its original notice of removal is

adequate and thus there would be no need to file an amended one." *Id*.  The court proceeded to

deny the motion to remand on the merits. *Id*. at 1242-45.

The Fifth Circuit has not addressed the issue of whether an amended notice of removal

triggers a new 30-day period to file a motion to remand.  In an unpublished decision, however,

the Northern District of Texas has considered the specific issue of whether the filing of a court-

ordered amended notice of removal to clarify allegations regarding the amount in controversy

requirement for diversity jurisdiction triggered a new 30-day period in which the plaintiff could

raise a violation of the forum-defendant rule.  *See Pennsylvania Lumbermens Mut. Ins. Co. v.*

*Sentry Select Ins. Co.*, No. 13-751, 2013 WL 6620860, at *1 (N.D. Tex. Dec. 13, 2013).  Noting

that the plaintiff did not cite any authority providing that the 30-day period "begins to run from

---

[3] *See Williams*, No. 07-1108, ECF No. 3.

an amended, rather than original, notice of removal," the court denied the motion to remand as untimely because it was not filed within 30 days of the original notice of removal. *Id.*

Here, there is no dispute that the original Notice of Removal was deficient because it did not allege the citizenship of P&H Dozer, one of the served defendants.  In light of this deficiency regarding the citizenship of the parties, the court ordered Defendants to file an amended notice of removal properly indicating the citizenship of all of the defendants.[4]  The Amended Notice of Removal filed on September 3, 2015, was the first indication in the record that P&H Dozer is a citizen of Louisiana.  Plaintiff moved to remand within 30 days of the filing of the Amended Notice of Removal.  Defendants have not opposed remand, and have not otherwise raised an argument in the record that Plaintiff's Motion to Remand was untimely filed in light of 28 U.S.C. § 1447(c).

In the absence of any opposition, the court finds that the motion to remand in this action was timely filed.  Defendants filed a deficient Notice of Removal that failed to indicate the citizenship of P&H Dozer.  As in *Williams*, the court ordered Defendants to file an amended notice of removal to correct the deficient allegations of <u>citizenship</u> found in the original notice of removal.[5]  While Plaintiff was aware at the time of removal that Miller is a forum defendant, there is no basis in the record for concluding that Plaintiff was aware, until the filing of the

---

[4] The removing defendants bear the burden of proving diversity jurisdiction by establishing that the parties are diverse and the amount in controversy requirement is satisfied.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).  Based on the original Notice of Removal, the court could not determine whether the parties in this action were completely diverse and, accordingly, whether it could properly exercise diversity jurisdiction over this action.

[5] Because this case involves deficient allegations of citizenship in the notice of removal, it is distinguishable from *Pennsylvania Lumbermens*, which involved deficient allegations of the amount in controversy requirement in the notice of removal.  Whether the amount in controversy requirement is sufficiently pled (solely a jurisdictional deficiency) has no bearing on whether the forum-defendant rule is potentially an issue.

Amended Notice of Removal, that P&H Dozer is a forum defendant.  P&H Dozer is in a better position than Plaintiff to allege its own of citizenship.

Under these circumstances, the court agrees with *Williams*, that "if a removing defendant wanted the 30-day clock for the filing of a remand motion not to restart, the defendant should make sure that its original notice of removal is adequate and thus there would be no need to file an amended one."  *Williams*, 534 F. Supp. 2d at 1242.  Finding otherwise would allow (or even encourage) removing defendants to withhold proper allegations of their own citizenship until the 30-day period for raising procedural defects expired.

## IV.   Conclusion

Based on the foregoing, and in light of the absence of any opposition or argument otherwise, the court concludes that Plaintiff has timely filed his motion to remand and the action should be remanded on the basis that it was removed by a forum defendant in violation of 28 U.S.C. § 1441(b)(2).

**IT IS THE RECOMMENDATION** of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 26) be **GRANTED**, and the action be remanded to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on January 14, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7